Carlos M. Jaramillo (SBN 195343)
SKAPIK LAW GROUP, PC
5861 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 398-4404
(909) 398-1883 Fax
cmj@skapiklaw.com
Attorneys for Debtor and Defendant,
Rene Valverde

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| IN RE: RENE VALVERDE,<br><br>Debtor. | Case No.: **UDRS 1202035**<br><br>AP Case No.: **2:13-ap-01382**<br><br>Chapter 13 **No: 2:13-bk-17388-VZ** |
| ABS TRADEMARK, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>RENE VALVERDE, an Individual; ERIC MORRIS, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | DEFENDANTS RENE VALVERDE AND ERIC MORRIS' NOTICE OF REMOVAL OF SAN BERNARDINO SUPERIOR COURT CASE NUMBER UDRS1202035 TO THE UNITED STATES BANKRUPTCY COURT.<br>(28 U.S.C. § 1452(a); 15 U.S.C. § 1446; FRBP § 9027) |

TO THE HONORABLE, JUDGE, AND ALL OTHER PARTIES OF INTEREST

RENE VALVERDE and ERIC MORRIS, ("Removing Defendants") herein removes case

number UDRS1202035 and all related claims and cases from the Superior Court of the State of California, County of San Bernardino ("Superior Court") to the United States Bankruptcy Court for the Central District of California. Pursuant to Federal Rule of Bankruptcy Procedure 9027 and in support of this Notice of Removal, Removing Defendants state as follows:

I. <u>REMOVAL OF SUPERIOR COURT CASE UDRS1202035 TO BANKRUPTCY COURT</u>

1. On March 22, 2013, Debtor Rene Valverde filed the instant Chapter 13 voluntary bankruptcy petition in the United States Bankruptcy Court, Central District of California, Case No: **2:13-bk-17388-VZ**.

2. On August 22, 2012, Plaintiff and Bankruptcy Creditor ABS Trademark, LLC filed the instant Complaint in San Bernardino Superior Court, Case No. UDRS1202035 (See Exhibit "A")

3. On August 31, 2012, Defendant Eric Morris filed an Answer to the Complaint. (See Exhibit "A").

4. On December 28, 2012, Defendant Rene Valverde filed an Answer to the Complaint. (See Exhibit "A").

5. On September 26, 2012, Defendants Eric Morris and Rene Valverde vacated the premises and the Court acknowledged on the Docket that the possession of the premises, located at 9559 Center Ave, Ste G, Rancho Cucamonga, CA 91730 ("premises") was returned to ABS Trademark, LLC (See Exhibit "A").

6. On September 26, 2012, the Court changed the Case Status of the Complaint from an "Unlawful Detainer, UD" to "CFD" or a "Breach of Contract." (See Exhibit "A").

7. On March 22, 2013, this instant Notice of Removal was filed with the San Bernardino Superior Court Clerk on Case No. UDRS1202035, and served upon Plaintiff and Creditor ABS Trademark, LLC.

8. A true and correct copy of the Superior Court's on-line case docket for case number UDRS1202035 is attached hereto as Exhibit "A". As the pleadings and process in case number UDRS1202035 are voluminous, the Debtor requests that the Court address the issue of refilling

pleadings and process in the removed proceeding at the initial status hearing.

9. On March 22, 2013, the Bankruptcy Court served Plaintiff and Creditor ABS Trademark, LLC with the Court Automatic Stay Order and Removal Notice.

10. On March 22, 2013, the Defendants served Plaintiff and Creditor ABS Trademark, LLC with the Court Automatic Stay Order and Removal Notice.

11. The Breach of Contract claim set forth in case number UDRS1202035 are core matters related to the instant bankruptcy case, 2:13-bk-17388. ABS Trademark, LLC, Plaintiff in UDRS1202035, was served Notice of the Section 362(a) automatic stay by the Clerk of the Bankruptcy Court on March 22, 2013. (2:13-bk-17388).

12. In the UDRS1202035 Superior Court Case, ABS Trademark, LLC alleges Defendants Eric Morris and Rene Valverde breached a lease contract for the Premises, which the Superior Court has already acknowledged Premises is vacated on September 26, 2012.

13. Moreover, as will be explained in more detail below (in connection with the Complaint), any allegations Plaintiff has as to Breach of Contract would subject Plaintiff to the Bankruptcy Court jurisdiction as to reorganization in the Chapter 13 Plan.

14. The Ninth Circuit has recognized on numerous occasions that the stay provided for under 11 U.S.C. § 362, 28 U.S.C. § 1452(a) and 15 U.S.C. § 1446 is intended to give "the debtor a breathing spell from their creditors. It stops all collection efforts, all harassment, and all foreclosure actions." (*Goichman v. Bloom ( In re Bloom*), 875 F.2d 224 (9th Cir. 1989) (emphasis added); (*See also In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000); *In re Schwartz*, 954 F.2d 569 (9th Cir.1992); *Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.)*, 96 F.3d 346, 351 (9th Cir. 1996); *In re Johnson*, 321 B.R. 262, 274 (D. Ariz. 2005 As the Ninth Circuit ruled in *Bloom*, any Plaintiff request to circumvent the bankruptcy stay as to core proceeding issues "patently violate the spirit and letter of section 362." (Id. 875 F.2d at 226).

15. ABS Trademark, LLC suffers no prejudice as a creditor under the Stay because all of its rights are preserved in a bankruptcy case and that the debtor was most prejudiced by having to litigate in multiple different forums. This reasoning is well founded in a long line of established Ninth Circuit authority. The Ninth Circuit has specifically stated the basic purpose of the stay is to

prevent a race to other courthouses to pursue independent remedies, *Dean v. Trans World Airlines*, 72 F.3d 754, 755-56 (9th Cir. 1995), and to permit the debtor an opportunity to harmonize the interests of the debtor and creditors while preserving the debtor's assets for payment. *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985).

16. The Bankruptcy Court has jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. § 1334(b).

17. Removal is authorized pursuant to 28 U.S.C. § 1452(a). The claims set forth in case number UDRS1202035 are civil actions regarding the bankruptcy estate Property, and ABS Trademark, LLC, specifically alleges breach of contract relating to property of the estate which fall under the exclusive jurisdiction of the Bankruptcy Court and Estate.

18. Jurisdiction is readily apparent here. Bankruptcy Courts can exercise two types of jurisdiction over proceedings: "core" jurisdiction and "related to" jurisdiction. See *In re Mid-States Express, Inc.*, 433 B.R. 688, 694-695 (Bkrtcy. N.D. Ill. 2010) citing 28 U.S.C. § 157. Bankruptcy courts have "core" jurisdiction over matters "arising under" or "arising in" a case under Title 11. See *In re Mid-States Express, Inc.*, 433 B.R. 688, 694-695 (Bkrtcy. N.D. Ill. 2010) citing 28 U.S.C. § 157. As a general rule, bankruptcy courts have "core" jurisdiction to interpret and enforce their own orders. *See e.g., Travelers Indem. Co. v. Bailey*, 129 S.Ct. 2195, 2205, 174 L.E.2d 99 (2009); *In re Millennium Seacarriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006); *In re Allegheny Health, Education and Research Foundation*, 383 F.3d 169, 175-176 (3rd Cir. 2004); *In re Eveleth Mines, LLC*, 318 B.R. 682, 687 (8th Cir. 2004); and *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2nd Cir. 2002). Bankruptcy courts can also exercise "related to" jurisdiction over matters where "the outcome of the proceedings could conceivably affect the amount of property available for distribution or the allocation of estate assets among creditors." *In re Mid-States Express, Inc.*, 433 B.R. at 698 *citing In re FedPak Sys.*, 80 F.3d 207, 210 (7th Cir. 1996)

19. Here, the Complaint raises claims regarding the property of the Debtors. The Complaint essentially allege breach of contract. All of these allegations necessarily require the Bankruptcy Court to interpret and enforce its chapter 13 plan orders. The claims against defendants are either derivative claims of the Debtors' bankruptcy estates, or arise from or relate to

Debtors' Chapter 13 case and plan. Consequently, the claims invoke the injunctive provisions of the Stay Order and Core Proceedings.

20. For purposes of jurisdiction, it is sufficient that the nature of the claims in the Complaint implicate a number of provisions in the Court's Orders and Chapter 13 plan. The claims require the interpretation and enforcement of those orders, and as a result, the Bankruptcy Court has "core" jurisdiction to adjudicate such claims.

21. It is well-settled that bankruptcy courts have core jurisdiction under 28 U.S.C. §157(b)(1) to interpret and enforce orders and chapter 13 plans. *See e.g., Travelers Indem. Co.*, 129 S.Ct. at 2205; *In re Millennium Seacarriers, Inc.*, 458 F.3d at 95; *In re Allegheny Health, Education and Research Foundation*, 383 F.3d at 175-176; *In re Eveleth Mines, LLC*, 318 B.R. at 687; *and In re Petrie Retail, Inc.*, 304 F.3d at 230. It does not matter whether the dispute is between two non-debtors. *In re Portrait Corp. of America*, 406 B.R. 637 (Bkrtcy. S.D.N.Y. 2009) *citing In re Petrie Retail, Inc.*, 304 F.3d at 230. Nor does it matter whether or not the bankruptcy has been confirmed or discharged.

22. If considered for purposes of jurisdiction, the claims in the Complaint also impart "related to" jurisdiction on the Bankruptcy Court. "Related to" jurisdiction is the most expansive type of bankruptcy jurisdiction. *In re Mid-States Express, Inc.*, 433 B.R. at 698 *citing In re FedPak Sys.*, 80 F.3d at 210. A civil proceeding is "related to" a bankruptcy case for purposes of jurisdiction when the outcome of the proceeding affects the amount of property for distribution from the estate, or allocation of property among creditors. Id. Proceedings "related to" a bankruptcy include suits between third parties which could have an effect on the bankruptcy estate. *Celotex v. Edwards*, 514 U.S. 300, 307 (1995).

23. Here, the Complaint invokes "related to" jurisdiction by alleging that there was core claims regarding property of the estate. The language of this section is unambiguous. It provides a trustee with exclusive authority over the chapter 13 plan and the property of the estate. The claims in the Complaint also impact the bankruptcy estate on a more fundamental level -- they draw the finality of the chapter 13 plan and order into question. Generally, sale orders in bankruptcy cases are accorded a high level of finality. *In re CHC Industries, Inc.*, 389 B.R. 767,

774 (Bkrtcy. M.D. Fla. 2007). *See also, In re Farmland Industries, Inc.*, 408 B.R. 497, 508-509 (B.A.P. 8th Cir. 2009).

24. The Bankruptcy Court -- and not the state court -- is the proper forum for, and has at the very least "related to" jurisdiction over the claims in the Complaint because they implicate the exclusive authority the bankruptcy court related to the bankruptcy estate.

DATED: March 22, 2013

SKAPIK LAW GROUP,
A Professional Law Corporation

By: /S/ Carlos Mario Jaramillo
Carlos Mario Jaramillo
Attorneys for Debtor,
Rene Valverde